IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO – EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA WHITE<br>416 East 7th Street<br>McDonald, OH 44437<br><br>　　Plaintiff,<br><br>　　v.<br><br>MAHONING COUNTY<br>BOARD OF COMMISSIONERS<br>21 W Boardman St.<br>Youngstown, OH 44503<br><br>MAHONING COUNTY<br>SHERIFF'S DEPARTMENT-<br>Sheriff Jerry Greene<br>110 5th Avenue<br>Youngstown, OH 44503<br><br>EDWARD J. MALONEY<br>110 5th Avenue<br>Youngstown, OH 44503<br><br>　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br><br><br><br>JUDGE<br><br><br><br><br><br><br>**COMPLAINT WITH<br>JURY DEMAND** |

Now comes Plaintiff, Vanessa White, by and through counsel, and for her complaint states:

### I.　PARTIES

1. Plaintiff Vanessa White resides in McDonald, Ohio.

2. Defendant Edward Maloney was and still is an active-duty deputy for the Mahoning County Sheriff's Office and is a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

3. Defendant Mahoning County Sheriff's Department is a "person" subject to suit within the

meaning of 42 U.S.C. § 1983.

4. Defendant Mahoning County Board of Commissioners is a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

## II.     JURISDICTION AND VENUE

5. Jurisdiction over federal claims under 42 U.S.C. § 1983 is asserted under 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over the Defendants and venue is proper in this Court under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claim took place within this Court's jurisdiction.

## III.     FACTUAL BACKGROUND

7. Ms. White was sentenced to community control of the Mahoning County Probation Department on September 24, 2021.

8. Edward Maloney is a deputy working for the Mahoning County Sheriff's Department and was assigned to watch over the community control program.

9. On Ms. White's first day of community service with community control on September 30, 2021, Deputy Maloney made inappropriate verbal comments to Ms. White. He told her, "I like black girls like you. You're pretty."

10. By October 22, 2021, Deputy Maloney made physical advances towards Ms. White while she was fulfilling her community service.

11. Ms. White was scared what would happen if she refused Deputy Maloney's sexual advances as he had previously threatened her.

12. Deputy Maloney sexually assaulted Ms. White on numerous occasions while she was still on the community control program under Deputy Maloney's supervision.

13. Ms. White and Deputy Maloney would drive around in his Mahoning County-owned white work truck.

14. Ms. White complained about Deputy Maloney's inappropriate sexual actions to her Trumbull County probation officer, Mr. Bryan Bollinger.

15. Ms. White also complained about Deputy Maloney's inappropriate sexual actions towards her to Deputy Maloney's wife.

16. Mahoning County Sheriff's Department knew Deputy Maloney was a sex addict as he used to be a deputy bailiff in Mahoning County Courts but got transferred out of that position due to many complaints regarding his inappropriate sexual behavior.

17. Mahoning County Sheriff's Department reassigned him to watch over community control of the Mahoning County Probation Department.

## IV.  COUNT ONE

18. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if rewritten here.

19. Defendants violated Ms. White's Fourth Amendment rights of being secure in her person from unreasonable searches and seizures and Fourteenth Amendment rights of Ms. White's liberty interests of bodily integrity under 42 U.S.C. § 1983 when Defendant Maloney sexually assaulted Ms. White on numerous occasions.

20. Defendant Maloney was acting under the scope of his employment, under the doctrine of respondent superior, as a deputy with the Mahoning County Sheriff's Department.

21. As a direct and proximate cause result of Defendants' unlawful conduct, Ms. White suffered physical and emotional pain and suffering.

## V.  COUNT TWO

22. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if rewritten here.

23. Defendant Mahoning County Sheriff's Department violated Ms. White's Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 when they hired Defendant Maloney, even though they knew of his previous work history of using his position of power to make sexual advances towards women.

24. Defendant Mahoning County Sheriff's Department knew of Defendant Maloney's previous work history as a bailiff with the Mahoning County Courts.

25. Defendant Mahoning County Sheriff's Department still hired Defendant Maloney and allowed his inappropriate behavior to continue.

26. By permitting and tolerating Defendant Maloney's inappropriate sexual behavior towards women, Ms. White was sexually assaulted.

27. Mahoning County Sheriff's Department failed to have a proper and effective procedure in place to reprimand and teach Deputy Maloney about his inappropriate sexual behavior in the workplace.

28. Defendant Mahoning County Sheriff's Department deprived Ms. White of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including but not limited to the liberty interest of bodily integrity guaranteed by the Fourteenth Amendment of the United States Constitution.

29. As a direct and proximate cause result of Defendants' unlawful conduct, Ms. White suffered physical and emotional pain and suffering.

## VI.    COUNT THREE

30. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if

rewritten here.

31. Defendant Mahoning County Board of Commissioners failed to have a proper procedure in place to discipline a Mahoning County employee who displayed sexual misconduct behavior in the workplace.

32. Through Defendant Mahoning County Board of Commissioners failure to have a proper procedure to handle sexual misconduct, Deputy Maloney was allowed to continue to work as a deputy with Mahoning County Sheriff's Department, which subsequently led to Ms. White being sexually assaulted while fulfilling her community control services.

33. Defendant Mahoning County Board of Commissioners deprived Ms. White deprived Ms. White of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including but not limited to the right to be secure in their persons against unreasonable searches and seizures and the liberty interest of bodily integrity guaranteed by the Fourteenth Amendment of the United States Constitution.

34. As a direct and proximate cause result of Defendants' unlawful conduct, Ms. White suffered physical and emotional pain and suffering.

## VII.  PRAYER FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests the following relief from the Court:

A. Declare that Defendants' acts and conducts constitute violations of the Fourth and Fourteenth Amendment of the U.S. Constitution under 42 U.S.C. § 1983;

B. Judgment in Plaintiff's favor as to all claims for relief;

C. Special and general damages to compensate for the physical and emotional injury Ms. White sustained due to Defendants' unconstitutional conduct and practice including

economic and non-economic damages for pain, suffering, humiliation, and emotional distress;

D. Award attorney's fees to the Plaintiff;

E. All other relief in law or equity to which Plaintiff is entitled and that the Court deems equitable, just, or proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues within this Complaint.

Respectfully submitted,

/s/ Bruce D. Taubman
Bruce D. Taubman (0001410)
Taubman Law
1444 W. 25th St.
Cleveland, OH 44113
Ph: (216) 621-0794
Fax: (216) 621- 8886
Attorney for Plaintiff